IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH HANSFORD,                    )
                                   )
         Plaintiff,                )
                                   )
     vs.                           ) Civil Action No. 12-905
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
         Defendant.                )

O R D E R

AND NOW, this 15th day of April, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's various arguments that the Administrative Law Judge ("ALJ") erred in finding him to be not disabled, and finds that substantial evidence supports the ALJ's decision.

Plaintiff's arguments are based on several false premises. For instance, he states that the ALJ erred "when she relied upon the opinions of a non-examining physician over those from two treating sources and two consultative examiners." Doc. No. 9 at 21. He further states that "the ALJ erred by failing to recognize that the only evidence that materially contradicts the findings of the examining and treating sources in this matter is the opinions offered by a non-examining physician." Id. at 10. These statements seem to imply that the only evidence in the record on which the ALJ could have based her opinion were the various opinions from the treating, examining, and reviewing professionals contained primarily in checkbox forms. To the contrary, the record in this case is very well-developed, and contains a plethora of evidence regarding Plaintiff's treatment for his mental impairments, including treatment notes, Global Assessment of Functioning scores, and records of non-compliance. The ALJ's very thorough opinion relies almost exclusively on these records, and not on the opinion of the state reviewing agent, in determining the weight to give to the checkbox opinions submitted by Drs. Charles Cohen, Renata Jurczak, and Anita LaLumere, and by Mr. Joseph Murdoch.

Despite Plaintiff's emphasis on the opinion evidence, forms such as those submitted here, requiring the completing physician merely to "check a box or fill in a blank," rather than provide a substantive basis for the conclusions stated, are considered "weak evidence at best" in determining whether the claimant is disabled. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). The ALJ's decision focused far more on the objective medical evidence, and substantial evidence supports her well-reasoned rationale as to why these records do not support the opinions contained in the record setting forth very restrictive limitations. This was not a "battle of opinions" where the ALJ simply chose to credit one opinion over four others; rather, she considered all of the opinions in light of the clinical findings. Where, as here, a treating physician's medical opinions are internally inconsistent or generally inconsistent with the totality of the record, the ALJ can assign such weight to the opinions as she finds to be warranted. See Money v. Barnhart, 91 Fed. Appx. 210, 213 (3d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(3) and (4); 20 C.F.R. §§ 416.927(c)(3) and (4). The Court further notes that the ALJ did not discount the opinion of Dr. LaLumere in its entirety, but rather afforded considerable weight to aspects of the opinion and thoroughly explained her reasons for doing so.

Moreover, even if Plaintiff were correct that the ALJ's decision was based

on crediting the opinion of the state reviewing agent over those of Drs. Cohen, Jurczak, and LaLumere, and Mr. Murdoch -- which, as explained above, he is not -- he incorrectly asserts that this would amount to error as a matter of law. Plaintiff is correct, of course, that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

> However, it is also important to remember that:
>
> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). *State agent opinions merit significant consideration as well.*

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)(internal citations omitted in part)(emphasis added). Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)(internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See SSR 96-6p, 1996 WL 374180 (S.S.A.), at *2 (July 2, 1996).

The Court cannot, therefore, simply as a matter of law find that the ALJ was required to give more weight to the opinions of Drs. Cohen, Jurczak, and LaLumere, and Mr. Murdoch than to the state reviewing agent. While there are undoubtedly many situations where crediting the opinion of a reviewing agent over those of multiple treating and consulting health care professionals would be improper, the decision in this case was extremely thorough in explaining the rationale for doing so. Unlike the decision of the first ALJ in this case, this ALJ explained in great detail why the objective medical evidence was more consistent with the reviewing agent's opinion

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

than with those of the treating and consultative sources. In a case like this, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Commissioner of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). Regardless, as explained above, the ALJ's decision relies on far more than the non-examining reviewer's opinion, relying, instead, primarily on the objective medical evidence and, at least in part, on the opinion of Dr. LaLumere.

Under these circumstances, especially given the ALJ's thorough and persuasive discussion of the record evidence and her basis for treating the various opinions as she does, the Court finds that substantial evidence supports her decision.